23593.  BILLINGSLEA v. FLYNT, Chief of Police.

SUBMITTED JULY 12, 1966—DECIDED SEPTEMBER 8, 1966.

*Robert S. Slocumb, Adams, O'Neal, Steele, Thornton & Hemingway,* for appellant.

*Miller, Miller & Miller, Lawton Miller,* for appellee.

GRICE, Justice. His petition for writ of habeas corpus having been denied, Willis Billingslea appealed to this court. The pe-

tition, filed in the Superior Court of Bibb County against Jim Flynt as Chief of Police of the City of Macon, made the material allegations which follow.

Petitioner is being illegally detained in jail by virtue of a sentence of the Recorder's Court of Macon. He was convicted and sentenced for violation of a specified ordinance of that city, to wit: "It shall be unlawful for any person within the limits of the city to invite or entice, any person upon any avenue, street, road, alley, highway, open space, or public square or enclosure within the limits to accompany, go with or follow him or her to any place for immoral purposes, or to invite, entice or address any person from any building to enter any house, go with, or accompany or follow him or her to any place whatsoever for immoral purposes."

He maintains that this ordinance violates Art. I, Sec. IV, Par. I of the Georgia Constitution, as to uniform operation of laws, in that "it is a special law legislating upon a subject already covered by an existing State law." In this connection he relies upon two statutes.

The first, *Code* § 26-6201, declares in material part that "Whoever shall solicit another for the purpose of prostitution or shall solicit for a prostitute, or who shall offer to procure a prostitute for another, or shall, with knowledge or good reason to know of the immoral purpose of such directing, taking or transporting, direct or assist in directing, or shall take or transport, assist in taking or transporting, or offer or agree to take or transport . . . any person to any . . . place whatsoever, for the purpose of lewdness, assignation, or prostitution, shall be guilty of a misdemeanor."

The second statute relied upon, an "Act of the General Assembly of Georgia of 1919, page 103" (former *Code* § 26-6303), relating to improper language, no longer exists. It was superseded by Georgia Laws 1963, page 455, which repealed former *Code* § 26-6303 and enacted a new Code section in lieu thereof. *Code Ann.* § 26-6303. Therefore, such former statute cannot be considered in the constitutional attack made here.

As to the first State statute, quoted above, we cannot agree that the city ordinance attempts to legislate upon a subject already covered by it.

The conduct prohibited by the ordinance is not the same as that forbidden by such statute. The ordinance penalizes a much broader range of conduct than does the statute. The ordinance covers inviting, enticing and addressing another person to places for "immoral purposes," not just prostitution. Under the ordinance a person could be found guilty for enticing another to accompany him, not only for prostitution, but for commission of any act which is made criminal or which is contrary to good morals.

Furthermore, the gist of the ordinance is different from that of the statute. The basis of the ordinance is inviting or enticing another person for any immoral purpose—leading astray. The gravamen of the statute is assisting or aiding another person in prostitution or lewdness. For an excellent discussion, with review of cases, of the constitutional inhibition involved here, see *Callaway v. Mims*, 5 Ga. App. 9, 12-17 (62 SE 654).

Accordingly, we hold that the ordinance is not void so as to render the petitioner's detention illegal.

*Judgment affirmed. All the Justices concur.*